UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MEEKINS,
: 
         Plaintiff
: 
         -vs-
:   NO. 3:CV-05-1394
: 
:   (Judge Kosik)
RAYMOND COLLERAN, et al.,
: 
         Defendants
: 

## **MEMORANDUM**

      Plaintiff, William Meekins, an inmate confined at SCI-Waymart, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983[1] on July 12, 2005.  He proceeds *pro se* and *in forma pauperis* in this matter.[2]  The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. §1915.  For the reasons which follow, plaintiff will be required to file an amended complaint within twenty (20) days of the date of this Order.

      The instant complaint as filed names nineteen (19) defendants.  It is a running narrative consisting of eight legal size pages.  It outlines various incidents which allegedly occurred while plaintiff was incarcerated at SCI-Waymart.  The plaintiff's complaint, as written, is difficult to decipher and it would be difficult to require a response from defendants.  Moreover, the complaint violates several Federal Rules of Civil Procedure.

---

[1] We note that on the Civil Rights Complaint form filed by plaintiff, plaintiff indicates that the instant action was filed pursuant to 28 U.S.C. §1331.  Because plaintiff is a state inmate complaining of conduct of state actors, we will consider the action pursuant to 42 U.S.C. §1983.

[2] Plaintiff completed this court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account.  The court then issued an Administrative Order directing the Warden at SCI-Waymart to commence deducting the full filing fee from plaintiff's prison trust fund account.

Thus, we will direct plaintiff to file an amended complaint in conformity with the Rules of Civil Procedure. Specifically, plaintiff is directed to comply with Rules 8, 10 and 20(a).

Plaintiff is reminded that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D.Pa. 1992). Additionally, it must establish the existence of actions by the defendants which have resulted in constitutional deprivations. *E.g., Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1).

Plaintiff is further advised that, when drafting his amended complaint, he must also comply with Fed.R.Civ.P. 10. Specifically, Fed.R.Civ.P. 10(b) provides, in relevant part, that all claims ". . . shall be made in numbered paragraphs, . . ." Fed.R.Civ.P. 10(b).

With respect to the nineteen (19) named defendants and the claims against them contained in the original Complaint, we have found that plaintiff has impermissively attempted to join all of these defendants and the claims against them in one action, in violation of Fed.R.Civ.P. 20(a). Rule 20(a) provides:

> (a) Permissive joinder. All persons . . . may be joined in one action as defendants if there is asserted against the jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed.R.Civ.P. 20(a).

Rule 20 only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction

or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's amended complaint should be limited with respect to only those defendants and claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all defendants and claims. Plaintiff should file separate actions as to any defendants and claims that do not share common legal and factual questions and that do not arise out of the same transactions or occurrences.

Finally, plaintiff is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, the instant action may be dismissed.[3] An appropriate Order will be entered.

---

[3] We note that on July 18, 2005, plaintiff filed a letter with the court in which he requested appointment of counsel. We will hold plaintiff's request in abeyance pending the filing of the amended complaint.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MEEKINS, :
         Plaintiff :
: NO. 3:CV-05-1394
-vs- :
: (Judge Kosik)
:
RAYMOND COLLERAN, et al., :
         Defendants :

## **ORDER**

AND NOW, this 1st day of September, 2005, IT IS HEREBY ORDERED THAT:

(1) The plaintiff shall file an amended complaint within twenty (20) days of the date of this Order;

(2) The amended complaint shall properly allege a claim under 42 U.S.C. §1983;

(3) The amended complaint shall contain a simple, concise statement of the facts in numbered paragraphs, Fed.R.Civ.P. 8, 10;

(4) The amended complaint shall contain only the claims and defendants that are related and involve the same transactions or occurrences and have a common legal and factual basis as required by Rule 20(a);

(5) All claims that are unrelated must be filed as separate actions;

(6) The amended complaint shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint";

(7) The amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.

(8) Failure to timely file an amended complaint may result in a dismissal of the action.

                                                *s/Edwin M. Kosik*
                                                United States District Judge