UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MEEKINS,                          :
        Plaintiff                           :
                                            :
    v.                                  : CIVIL NO. 3:CV-05-1394
                                            :
RAYMOND COLLERAN, ET AL.,                 : (Judge Kosik)
        Defendants                          :

## MEMORANDUM AND ORDER

### Background

William Meekins, an inmate confined at the State Correctional Institution at Camp Hill, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 12, 2005. Named as defendants in the original complaint are what appear to be twenty (20) officials and/or employees at the State Correctional Institution at Waymart (SCI-Waymart), Pennsylvania, plaintiff's former place of confinement. On September 1, 2005, the court conducted a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915. A Memorandum and Order was issued directing plaintiff to file an amended complaint in this matter within twenty (20) days which conforms with Federal Rules of Civil Procedure 8, 10 and 20(a), as fully detailed in the Memorandum.

Following the grant of an enlargement of time, a proposed amended complaint was submitted by plaintiff on October 13, 2005 (Doc. 17). The amended complaint names the following six (6) former or current employees at SCI-Waymart: Raymond Colleran, former Superintendent; Larry Ellette and Dave Bowan, correctional officers; Donald J. Jones, Hearing Examiner; Joseph Nish, former Deputy of Central Services; and Paul Delrosso, former Deputy of Program

Management. In the amended complaint, plaintiff sets forth allegations stemming from incidents which occurred on September 7, 2004, which include excessive force, retaliation, denial of due process, and cruel and unusual conditions of confinement. The amended complaint as submitted (Doc. 17) will be the new standing complaint in this action, and service will be directed on the six (6) defendants named therein.

Also pending are two motions seeking the appointment of counsel in this case. (Docs. 7, 22.) It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In addition, a court must weigh the following factors when deciding whether the appointment of counsel is warranted:

>    1. The plaintiff's ability to present his or her own case;
>    2. The difficulty of the particular legal issues;
>    3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>    4. The plaintiff's capacity to retain counsel on his or her own behalf;
>    5. The extent to which a case is likely to turn on credibility determinations; and,
>    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

In support of his request for counsel, plaintiff maintains that he is indigent and unlettered in the law. He claims that he does not have the financial means to correspond with the court and make copies. He claims that when he filed the complaint he was confined at SCI-Waymart and has since been transferred to SCI-Camp Hill. He states that he has been deprived of a shower and his legal mail since his arrival there.

A review of plaintiff's filings thus far reveals that he is fully capable of litigating this action on his own. He clearly possesses the ability to prepare pleadings and present comprehensible arguments to the court. In fact, he has submitted several motions and an amended complaint in this matter. While he contends he has had some assistance from another inmate in preparing his submissions, there is no evidence to suggest that he is incapable of litigating this case on his own. The issues are not overly complicated and any concern regarding the need for counsel to assist in trial preparation is premature at this time. Further, many of the complaints made by plaintiff in his latest motion for counsel are not reasons which would support an appointment of counsel, but rather, claims against individuals at his new place of incarceration which would serve as the basis

of a new lawsuit. Accordingly, his motion for appointment of counsel will be denied, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either <u>sua</u> <u>sponte</u> or upon a motion properly filed.

**ACCORDINGLY, THIS 15th DAY OF DECEMBER, 2005, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Enlargement of Time within which to file an amended complaint (Doc. 19) is **granted nunc pro tunc**. The amended complaint submitted by Plaintiff on October 13, 2005 (Doc. 17) will serve as the standing complaint in this action. The United States Marshal is directed to serve the amended complaint on the defendants named therein.

2. Plaintiff's Motions for the Appointment of Counsel (Docs. 7, 22) are **denied without prejudice**.

                                      s/Edwin M. Kosik
                                      United States District Judge