UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MEEKINS, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-05-1394 |
| | : |
| RAYMOND COLLERAN, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

William Meekins filed this civil rights action on July 12, 2005, pursuant to 42 U.S.C. § 1983. The matter proceeds on an amended complaint and several supplements thereto. (Docs. 17, 19, 24-26.) Named as Defendants are six (6) former or current SCI-Waymart employees: Raymond Colleran, former Superintendent; Larry Ellette and Dave Bowan, correctional officers; Donald Jones, Hearing Examiner; Joseph Nish, former Deputy of Central Services; and Paul Delrosso, former Deputy of Program Management. Also named is Michael Klopotoski, who Plaintiff contends is an employee with the Pennsylvania Department of Corrections. The following issues remain in this action: (1) the Eighth Amendment excessive force claims; (2) the Eighth Amendment conditions of confinement and retaliation claims

pertaining to the disciplinary housing unit; and (3) the retaliatory transfer claim regarding Plaintiff's move from SCI-Waymart to the SuperMax Unit at SCI-Camp Hill. Presently pending is a motion for summary judgment filed by Plaintiff on July 13, 2007. (Doc. 78.) The motion is fully briefed. For the reasons that follow, the motion will be denied without prejudice as premature.

In July of 2007, when Plaintiff filed his motion for summary judgment, discovery was taking place. On August 15, 2007, the court issued a Memorandum and Order addressing several motions pending in the case, one of which was a motion filed by Plaintiff seeking an enlargement of time within which to complete discovery. (Doc. 88.) The court granted Plaintiff's motion, and directed that all discovery in this matter be completed within sixty (60) days and any dispositive motions filed within thirty (30) days from the close of discovery. In light of such, the filing by Plaintiff of his summary judgment motion in July is premature as discovery was still ongoing and Defendants therefore unable to properly prepare a response to the motion. Further, it is clear by Plaintiff's filing of the motion for additional discovery time after the filing of his summary judgment motion that he also believed additional discovery was necessary.

**ACCORDINGLY, THIS 14th DAY OF FEBRUARY, 2008, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for summary judgment (Doc. 78) is **denied as premature**.

2. The parties will be granted until March 12, 2008 to file dispositive motions in this case.[1]

*s/EDWIN M. KOSIK*
United States District Judge

---

[1] Pursuant to the court's Memorandum and Order of August 15, 2007, dispositive motions were to be filed in this case on or before November 15, 2007. (Doc. 88.) The docket reveals that Plaintiff filed a motion for judgment on the pleadings on January 2, 2008 (Doc. 99). Defendants have not submitted a dispositive motion, but state in their opposition to Plaintiff's motion filed on January 18, 2008, that they are preparing a dispositive motion which they expect to file within the next thirty (30) days. (Doc. 105.) In light of the procedural posture of this case, the court will grant the parties until March 12, 2008, to file any further dispositive motions in this matter.