UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MEEKINS, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL NO. 3:CV-05-1394 |
| : | |
| RAYMOND COLLERAN, et al., : | (Judge Kosik) |
| : | |
| Defendants : | |

# **M E M O R A N D U M**

## I.   Introduction

This civil rights action pursuant to 42 U.S.C. § 1983 proceeds on an amended complaint and several supplements thereto. (Docs. 17, 19, 24-26.) The Plaintiff is William Meekins, an inmate confined at the State Correctional Institution at Camp Hill, Pennsylvania (SCI-Camp Hill). The remaining Defendants are the following former or current employees at the State Correctional Institution at Waymart, Pennsylvania: Raymond Colleran, former Superintendent; Larry Ellette and Dave Bowan, correctional officers; Donald J. Jones, Hearing Examiner; Joseph Nish, former Deputy of Central Services; Paul Delrosso, former Deputy of Program Management and Michael Klopotoski, former Deputy Superintendent of Facilities Management.

The procedural posture of this case is as follows. Defendants filed a motion to dismiss the amended complaint which was granted in part and denied in part on August 29, 2006. The defendants referenced above are those that remain in the action following the court's resolution of said motion to dismiss. An answer to the amended complaint was thereafter filed on October 19, 2006. (Doc. 64.) The parties thereafter began to engage in discovery. On August 15, 2007, the parties were granted an enlargement of a previously imposed discovery deadline, and directed to complete all discovery within sixty (60) days. They were further directed to file any dispositive motions within thirty (30) days of the new discovery deadline. (Doc. 88.) Presently pending are the following motions: (1) Plaintiff's filing entitled "Motion for Judgment" (Doc. 99); (2) Plaintiff's 5th Motion for Appointment of Counsel (Doc. 102); (3) Plaintiff's Motion for Compensatory Sanctions and Exercise of Jurisdiction (Doc. 104); (4) Defendants' Motion for Summary Judgment (Doc. 109); and (5) Plaintiff's Motion for Preliminary Injunction (Doc. 114).

## II. Background

The allegations as set forth by Plaintiff in his amended complaint and supplements thereto are set forth in full in the Memorandum and Order of August 29, 2006, wherein this court granted in part and denied in part Defendants' motion to dismiss. The court will only set forth Plaintiff's allegations with regard to those claims which presently remain. In early December of 2004, while confined at SCI-

Waymart, Plaintiff claims he was told to pack his belongings and walk down to the Restricted Housing Unit ("RHU"). He thereafter became involved in a verbal exchange with Defendant Ellette. He was ultimately placed in restraints and escorted to the RHU by Defendants Ellette and Bowen. Upon his arrival, Plaintiff claims he was assaulted by the two officers who allegedly slammed his face and chest into the RHU door. Plaintiff also claims that Bowen caused him to step on Ellette's toe. Following a disciplinary hearing on misconduct charges issued against Plaintiff for assaulting Ellette, Plaintiff was sanctioned to disciplinary confinement in a camera cell for six (6) months where he contends the conditions were cruel and unusual. He states that his underwear, soap, linens and toilet paper were confiscated, all in retaliation and for purposes of punishment by the Defendants. He further maintains that he was later transferred on November 16, 2005, from SCI-Waymart to the SuperMax Unit at SCI-Camp Hill pursuant to a secret deal made between the Defendants, all in retaliation for Plaintiff's use of the prison administrative grievance process at SCI-Waymart. As relief, Plaintiff seeks monetary damages.

### III.  Discussion

#### A.  Motion for Counsel

To date, the court has entertained four (4) requests filed by Plaintiff seeking the appointment of counsel in this case. Presently pending is his 5th request for counsel (Doc. 102). Without unnecessary elaboration, the court has previously set forth the

3

standard to be utilized in addressing a motion for counsel in a civil rights action and it will not be reiterated herein. All parties are more than familiar with the factors to be considered by the court. (Docs. 23, 56 and 88.) In his pending motion, Plaintiff again asserts many of the same arguments that have been previously rejected. The court finds Plaintiff to be literate and fully capable of litigating this action on his own. The docket reveals his ability to prepare and file motions. He has even succeeded in opposing part of Defendants' motion to dismiss his amended complaint. While he argues that he is being denied access to the court and needs an attorney to submit pleadings on his behalf, the docket reveals otherwise. Plaintiff is having no trouble submitting filings to this court. Further, any access to the courts claims Plaintiff may have would be litigated through the filing of a separate lawsuit. Plaintiff's additional concerns regarding actions he fears Defendants "may take" against him at a later date also do not warrant the appointment of counsel. While he claims Defendants have threatened to throw his legal materials away and place him in segregation, such fears are speculative. Accordingly, his motion for counsel will be denied without prejudice.

### B. Motion for Preliminary Injunction

In the pending motion for preliminary injunction (Doc. 114), Plaintiff sets forth complaints about the conditions of confinement at SCI-Camp Hill. He claims that he is not receiving adequate medical/dental care, and that he is not being properly

channeled through the program levels of the Special Management Unit.

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995). Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax Film, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003)(internal citations omitted). It is the moving party that bears the burden of satisfying these factors. (Id.)

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. See Continental Group, Inc., v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id.

The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued. Id. Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).

  In considering the factors outlined above, it is clear that injunctive relief is not warranted. First, in his motion Plaintiff is actually setting forth new claims which have arisen since his transfer from SCI-Waymart. These new claims concern the conditions of his confinement at SCI-Camp Hill and must be pursued in a new lawsuit. Further, while he tries to tie the medical claims into the instant lawsuit and litigate them through the pending motion for injunctive relief, it is clear the asserted claims would involve new defendants - - the medical personnel at SCI-Camp Hill.

  Additionally, it is clear that Plaintiff is not in danger of suffering irreparable harm. He is able to file a new suit raising his claims regarding the SMU. Also, with

regard to his alleged medical/dental issues, Plaintiff is already in the midst of litigating at lease one other lawsuit in this court which directly raise these issues. See Meekins v. Law, et al., Civ. No. 3:CV-06-1321.[1] Accordingly, the likelihood of irreparable harm has not been demonstrated and the motion for preliminary injunctive relief will be denied.

### C. Motion for Compensatory Sanction and Exercise of Jurisdiction

Plaintiff contends that he has heard "through the grape vine" that summary judgment has been entered in this case in his favor, and that the court has directed Defendants to remove Plaintiff from the SMU and place him in a neutral and separate RHU. (Doc. 104 at 1.) He files this motion to enforce the court's order. Plaintiff, however, is mistaken in that no such order has been issued by the court granting summary judgment in his favor in this action. In fact, an earlier motion for summary judgment filed by Plaintiff was denied as premature (See Doc. 107) and Defendants' motion for summary judgment (Doc. 109) is presently pending before the court. Plaintiff has not yet filed any opposition to Defendants' motion. Accordingly, Plaintiff's motion will be denied.

---

[1] The court notes that in Plaintiff's other lawsuit, he admits that he is receiving some treatment for his medical/dental problems, so it is clear he is not being ignored.

7

**D.     Plaintiff's Motion for Judgment**

On January 2, 2008, Plaintiff filed a motion entitled "Motion/Request for Judgment" which the Clerk's Office docketed as a "Motion for Judgment on the Pleadings." (Doc. 99.)  In reviewing the motion, it is clear that it is actually a request by Plaintiff for the court to rule on a motion for summary judgment Plaintiff filed on July 13, 2007.  Plaintiff claims that in a Memorandum and Order issued by the court on August 15, 2007, the court failed to address his outstanding motion for summary judgment.  He further argues that he is entitled to judgment because Defendants failed to file any dispositive motions in this action.

Plaintiff's motion will be denied for several reasons.  First, any request for the court to rule on his motion for summary judgment filed on July 13, 2007 is moot in that the court denied this motion as premature in an Order issued on February 14, 2008. (Doc. 107.)  Second, Plaintiff is mistaken in his belief that he is somehow automatically entitled to an award of summary judgment because no dispositive motions were filed by Defendants as of the date he filed the instant motion on January 2, 2008.  At best, if no dispositive motions were filed by the parties, the matter would be scheduled for trial.  Such is not the case in the instant action.  While Plaintiff is correct that in the Memorandum and Order of August 15, 2007, the court imposed a discovery deadline of October 15, 2007, with any dispositive motions to be filed within thirty (30) days of the close of discovery (Doc. 88), the dispositive motions

8

deadline was later enlarged to March 12, 2008. (Doc. 107.) Defendants timely filed their pending motion for summary judgment on that date.

According to the docket, Plaintiff has not filed any opposition to Defendants' motion. The Court is cognizant of the special difficulties facing pro se litigants. See Haines v. Kerner, 404 U.S. 519 (1972). However, the United States Court of Appeals for the Third Circuit has emphasized that local rules play "a vital role in the district courts' efforts to manage themselves and their dockets." Eash v. Riggins Trucking, Inc., 757 F.2d 557, 570 (3d Cir. 1985). Therefore, the Court will afford the Plaintiff an opportunity to respond to the Defendants' Motion for Summary Judgment in accordance with Fed. R. Civ. P. 56 and M.D. Pa. LR 56.1. Failure to do so will result in the motion being deemed unopposed. See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991). An appropriate Order is attached.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MEEKINS, : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL NO. 3:CV-05-1394 |
| : | |
| RAYMOND COLLERAN, et al., : | (Judge Kosik) |
|     Defendants : | |

# O R D E R

    **NOW, THIS 25th DAY OF JULY, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for the Appointment of Counsel (Doc. 102) is **denied without prejudice.**

2. Plaintiff's Motion for Preliminary Injunction (Doc. 114) is **denied**.

3. Plaintiff's Motion Requesting Compensatory Sanctions (Doc. 104) is **denied**.

4. Plaintiff's Motion for Judgment (Doc. 99) is construed to be a Motion for the Court to Rule on Plaintiff's Motion for Summary Judgment, and is **denied**.

5. Within fifteen (15) days from the date of this Order, Plaintiff shall file his response to the Defendants' pending Motion for Summary Judgment (Doc. 109) in accordance with Fed. R. Civ. P. 56 and M.D. Pa. LR 56.1. The failure to timely respond to the Defendants' Motion for Summary Judgment will result in the motion being deemed unopposed.

                                                    *s/EDWIN M. KOSIK*
                                                    United States District Judge